

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

DEC 11 2024

ARTHUR JOHNSTON
BY_____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**JANE DOE, AS THE NATURAL MOTHER**
**AND NEXT FRIEND OF JOHN DOE, A MINOR,**                    **PLAINTIFF**

**VS.**                                    CIVIL ACTION NO. _3:24-CV-788-DPJ-ASH_

**NICK SMITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**BROOKE SIBLEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,**
**JOSH SANDERS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**CAMP KEITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**KENNETH THOMPSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**JASON CAIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**MARTY MCKEE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**AND NEWTON COUNTY SCHOOL DISTRICT**                    **DEFENDANTS**

### COMPLAINT
### (Jury Trial Demanded)

**COMES NOW** Jane Doe, the Natural Mother and Next Friend of John Doe, a minor, and

files this Complaint against Nick Smith, Brooke Sibley, Josh Sanders, Camp Keith, Kenneth

Thompson, Jason Cain, Marty McKee, in their individual and official capacities, as well as the

Newton County School District. In support of this Complaint, said Plaintiff would state as follows:

### PARTIES

1.      The Plaintiff herein is an adult resident citizen of Newton County, Mississippi and brings

this action on behalf of John Doe, her minor son, as his natural mother and next friend.

2.      Defendant Nick Smith is the Principal of Newton County High School. He is being sued

in his individual and official capacities. He may be served with process wherever he may be found.

3.      Defendant Brook Sibley is the Superintendent of the Newton County School District. She

1

is being sued in her individual and official capacities. She may be served with process wherever she may be found.

4.      Defendants Josh Sanders, Camp Keith, Kenneth Thompson, Jason Cain and Marty McKee, are members of the Newton County School District school board. Josh Sanders, Camp Keith, Kenneth Thompson, Jason Cain and Marty McKee, are being sued in their individual and official capacities. Josh Sanders, Camp Keith, Kenneth Thompson, Jason Cain and Marty McKee may be served wherever they may be found.

5.      Defendant Newton County School District is a public school district in Newton County, Mississippi. The Newton County School District may be served with process through its Superintendent, Brooke Sibley, at 15935 Highway 15, Decatur, Mississippi 39327.

6.      This is a civil action seeking injunctive relief, prospective relief and/or money damages the Plaintiff has incurred as a result of defending and protecting her minor son's due process rights as guaranteed by the Fourteenth Amendment of Constitution of the United States and Miss. Const. Ann. Art. 3, § 14. This action is brought pursuant to 42 U.S.C. Section 1983.

## VENUE AND JURISDICTION

7.      Venue is proper in this Court as the events giving rise to this lawsuit occurred in Newton County, Mississippi, which is in the Southern District of the State of Mississippi. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(3) and (4) and 2201. Plaintiff seeks injunctive relief, prospective relief and monetary damages from the defendants sued in their individual capacities pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

## FACTUAL BACKGROUND

8.      Brooke Sibley, the Superintendent of the Newton County School District, claimed district officials received a report on August 14, 2024, that John Doe and another student were seen handling a firearm on school property.  Brooke Sibley did not contact John Does' parents or John Doe about the allegation on August 14, 2024.

9.      Notwithstanding the allegation, John Doe was allowed to enter Newton County High School after parking his vehicle in the school parking lot on August 15, 2024.  Sometime after John Doe parked his vehicle, school officials searched the vehicle and claimed a firearm was found in John Doe's vehicle.

10.     On August 15, 2024, Newton County High School Principal Nick Smith suspended John Doe from school for a period of 10 days after it was alleged that, "a student was in possession of a firearm on school property."

11.     The Newton County School District policy requires that "in all instances of suspension, parents shall be notified by telephone if they can be reached with reasonable effort and by letter from the principal sent on the day of the suspension." In a meeting on August 15th, Jane Doe and her son John Doe met with Nick Smith.  Nick Smith informed Jane Doe and the minor, John Doe, that a firearm was found in John Doe's vehicle.

12.     When John Doe was questioned about the firearm, he told school officials that he was not aware of any firearm in his vehicle.  John Doe reported that on August 15, 2024, he gave three students, including the student who reportedly had been seen with a firearm on August 14, 2024, a ride to school.  John Doe denied knowing that anyone of the three students entered his vehicle with a firearm.  John Doe and his parents were never shown the firearm that was allegedly retrieved

3

from his vehicle.

13.    On August 16, 2024, Brooke Sibley met with John Doe's parents. During that meeting, Brooke Sibley told John Doe's parents that she did not believe John Doe knew a firearm was in his vehicle. Brooke Sibley promised John Doe's parents that a thorough investigation would be conducted and that she would be fair.

14.    On August 22, 2024, Brooke Sibley sent John Doe's parents a letter stating: "Please be informed that [John Doe] has been assigned to the Newton County Alternative School, located at the Newton County Administrative Building, effective Monday, August 26, 2024. This assignment will remain in effect until January 7, 2025, at which time [John Doe] will be eligible to return to Newton County High School, pending a favorable recommendation from the Alternative School Director."

15.    Miss. Code Ann. § 37-9-71 provides in part that "[f]or any suspension of more than ten [10] days or expulsions, a student shall have the right to a due process hearing, *be represented by legal counsel, to present evidence and cross-examine witnesses presented by the District.* The student and the student's parent, legal guardian or person in custody of the student may appeal suspension of more than ten (10) days and expulsions to the school board. The standard of proof in all disciplinary proceedings shall be substantial evidence. *The parent or guardian of the child shall be advised of this right to a hearing by the appropriate superintendent or principal and the proper form shall be provided for requesting such a hearing.*"

16.    On August 26, 2024, John Doe's father emailed Brooke Sibley and Nick Smith "to formally request a hearing, an appeal and access to all relevant information regarding the recent suspension of [their] son [John Doe] from the Newton County High School following the August 15, 2025

4

(sic) incident."

17.    School officials did not respond to the email sent by John Doe's father.  After school district officials ignored John Doe's parents' request for a due process hearing and/or appeal, John Doe's parents asked to be placed on the school board's agenda.  At the school board meeting on October 14, 2024, John Doe's parents and their attorney asked the school board to order school officials to afford John Doe a due process hearing and/or to accept their appeal of the school district's decision to suspend and transfer him to the alternative school for a semester.

18.    According to Newton County School District policy, "[i]f a student/parent/guardian is aggrieved by the suspension decision of the administrator, the student/parent/guardian may appeal the decision in accordance with the following guidelines approved by the Board of Education [...] for appeal of suspensions lasting more than 10 days, appeal may be made to the Board of Education. All requests must be made in writing."

19.    In relevant part, the Newton County School District policy outlines, "In order to preserve a student's rights under the protection of due process of law, any student shall be given the opportunity for a hearing before appropriate school district officials should he/she or his parent/guardian desire to have a hearing. [...] Appeals must be made prior to the end of the student's suspension. There is a defined method and protocol to the appeals procedure. The following is the step-by-step procedure to be used for appealing decisions/actions of school district personnel:  [...] (2) If the appeal concerns an action by a principal, then the initial appeal should be made to that administrator.   (3)  If, after Step 2 no consensus is reached, the appeal may be made to the Discipline Committee. The District Discipline Committee will render its decision in the matter and submit the same to the Superintendent. The Superintendent is authorized to accept,

5

reject, and/or modify the decision of the committee. (4) If, after step 3 no consensus is reached, the student or his/her parent guardian may make a written request for appeal to the Board of Education. This request must be made through the use of proper request form which is available in the Office of the Superintendent. The Board, in its sole and absolute discretion, will determine whether or not the appeal has merit to be heard by the board. *If so, it will be heard in the form of documents and testimony from the Discipline Hearing.* If the committee determines that the Superintendent's decision and or the decision of the disciplinary committee is final, then such an appeal request will be denied and the student and/or his/her parent guardian *shall be notified in writing by the district office.*"

20.    John Doe's parents sent a written request seeking documents, specifically "access to all relevant information" regarding his recent suspension. School officials did not provide John Doe or his parents any documents to show that their request for an appeal of Principal Nick Smith's 10-day suspension was referred to the District Discipline Committee. Further, John Doe and his parents *were not given an opportunity for a disciplinary hearing on this matter* or access to any testimony or documents from by the District to substantiate the allegations levied against this student. John Doe and his parents were not notified of any decision rendered by the District Discipline Committee or submitted to Superintendent Brooke Sibley in this instance.

## CAUSE OF ACTIONS

## PROCEDURAL DUE PROCESS

21.    The actions of Principal Nick Smith and Superintendent Brooke Sibley violated John Doe's procedural due process rights under the Fourteenth Amendment of the United States Constitution and were arbitrary and capricious and contrary to state law, specifically Miss. Const. Ann. Art. 3,

6

§ 14 and Miss. Code Ann. 37-9-71. Principal Nick Smith and Superintendent Brooke Sibley denied John Doe (1) his right to appeal the principal's decision to suspend him for 10 days to the District Discipline Committee; (2) an opportunity to present witnesses on his behalf; (3) an opportunity to cross-examine his accusers and/or to review any evidence presented against him and (4) an appeal before the school board "in the form of documents and testimony from the Discipline Hearing" – as a transcript did not exist.

## SUBSTANTIVE DUE PROCESS

22.      The actions taken against John Doe by Principal Nick Smith and Superintendent Brooke Sibley violated the substantive component of the Fourteenth Amendment Due Process Clause and were arbitrary and capricious under the law and facts of this case.   Assuming there was a firearm in his vehicle, there was no evidence that John Doe was aware that a firearm was in his vehicle and/or that he was involved in a student placing a firearm in his vehicle.  In the absence of proof that John Doe knew that a student had a firearm in his vehicle, there was no reason for Principal Nick Smith and Superintendent Brooke Sibley to suspend him for 10 days.

## PROCEDURAL DUE PROCESS

23.      The inactions of Josh Sanders, Camp Keith, Kenneth Thompson, Jason Cain, Marty McKee and the Newton County School District violated John Doe's procedural due process rights under the Fourteenth Amendment of the United States Constitution and were arbitrary and capricious and contrary to state law, specifically Miss. Const. Ann. Art. 3, § 14 and Miss. Code Ann. 37-9-71. When Jane Doe informed Josh Sanders, Camp Keith, Kenneth Thompson, Jason Cain and Marty McKee that Principal Nick Smith and Superintendent Brooke Sibley denied John Doe his right to appeal the principal's decision to suspend him for 10 days, the board failed to take actions

7

to protect John Doe's right to (1) an appeal/hearing before the District Discipline Committee; (2) an opportunity to present witnesses on his behalf; (3) an opportunity to cross-examine his accusers and/or to review any evidence presented against him and (4) an appeal before the school board "in the form of documents and testimony from the Discipline Hearing" – as a transcript did not exist.

## SUBSTANTIVE DUE PROCESS

24.    The inaction of Josh Sanders, Camp Keith, Kenneth Thompson, Jason Cain, Marty McKee and the Newton County School District violated the substantive component of the Fourteenth Amendment Due Process Clause and were arbitrary and capricious under the law and facts of this case.  Josh Sanders, Camp Keith, Kenneth Thompson, Jason Cain, Marty McKee, and the Newton County School District failed to act in the face of proof that Principal Nick Smith and Superintendent Brooke Sibley denied John Doe his rights set forth in Miss. Code Ann. 37-9-71 and district policy.  Stated another way, Josh Sanders, Camp Keith, Kenneth Thompson, Jason Cain, Marty McKee upheld a disciplinary decision in the absence of documents and testimony from the Discipline hearing.

## EQUAL PROTECTION

25.    Nick Smith, Brooke Sibley, Josh Sanders, Camp Keith, Kenneth Thompson, Jason Cain, and Marty McKee violated John Doe's Fourteenth Amendment right to equal protection because, even if he committed the infraction claimed by Nick Smith and Brooke Sibley, he was disciplined differently than similarly situated students who committed similar infractions – without any rational basis for the difference in treatment.  At the time of the incident in question, John Doe had a clearly established right to be treated the same as similarly situated students who committed similar infractions and there was no rational basis for any difference in treatment.

8

**WHEREFORE, PREMISES CONSIDERD**, Plaintiff demands Judgment of and from Defendants as follows:

(1)    Injunctive relief prohibiting Defendants from denying procedural and substantive due process to John Doe and others similarly situated students facing suspensions of more than ten (10) days;

(2)    Prospective relief of returning John Doe to his placement at Newton County High School and removing any adverse information from his student records relative to the incident on August 15, 2024;

(3)    Reasonable attorney fees and costs of litigation.

(4)    And if Plaintiff has sought wrong or insufficient relief, he seeks the relief to which he is entitled.

**RESPECTFULLY SUBMITTED**, this is the _11th_ day of December 2024.

JANE DOE, the mother and next friend of
JOHN DOE, A MINOR

Lisa M. Ross (MSB#9755)
Post Office Box 11264
Jackson, MS 39283-1264
Telephone: (601) 981-7900
lross@lmrossatlaw.com

//s//Shani B. Anderson
Shani B. Anderson (MSB#105407)
Post Office Box 14171
Jackson, MS 39236
Telephone: (769) 208-8562
Sanderson@jablawpllc.com

**Attorneys for Jane Doe**

9