IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE, AS THE NATURAL MOTHER
AND NEXT FRIEND OF JOHN DOE, A MINOR,                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:24-cv-788-DPJ-ASH

NICK SMITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
BROOKE SIBLEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,
JOSH SANDERS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
CAMP KEITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
KENNETH THOMPSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
JASON CAIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
MARTY MCKEE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
AND NEWTON COUNTY SCHOOL DISTRICT                        DEFENDANTS

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**COMES NOW** Jane Doe, the Natural Mother and Next Friend of John Doe, a minor, pursuant to Fed.R.Civ.P. 65, and respectfully moves this Court for a preliminary injunction enjoining Defendants, Newton County School District and its officials from enforcing unjust disciplinary actions against the minor, John Doe, in the absence of a due process hearing. More specifically, Plaintiff requests the Defendants be enjoined from subjecting John Doe to continuous placement in alternative school and including the alleged offense on his school disciplinary record. In support of this Motion, Plaintiff will show unto the Court as follows:

### FACTUAL BACKGROUND

On August 14, 2024, John Doe attended a school and drove several friends home

afterwards. Brooke Sibley, the Superintendent of the Newton County School District, claimed district officials received a report on August 14, 2024, that John Doe and another student were seen handling a firearm on school property. Brooke Sibley did not contact John Doe's parents or John Doe about the allegation on August 14, 2024, nor did she raise any safety concerns amongst the school community that day.

Notwithstanding the allegation, John Doe was allowed to return to Newton County High School and park his vehicle in the school parking lot the next day (August 15, 2024). Only after John Doe parked his vehicle and was inside the schoolhouse, district officials searched the vehicle and claimed to find a firearm in John Doe's vehicle. To date, neither John Doe nor his parents have laid eyes on the firearm or seen even a photograph of the alleged firearm.

In accordance with the Newton County School District policy, Nick Smith notified the student's parents and informed John Doe's mother that a firearm was allegedly found in his vehicle. When questioned about the firearm, Doe told school officials he did not know a firearm was in his vehicle, but did acknowledge having multiple passengers in his truck on August 14th. John Doe denied knowing that anyone of the three passengers/students entered his vehicle with a firearm. On August 15, 2024, Newton County High School Principal Nick Smith suspended John Doe from school for a period of ten (10) days, pending an investigation.

On August 16, 2024, Superintendent Sibley met with John Doe's parents and stated that she believed Doe was being honest about not knowing a firearm was in his vehicle. Superintendent Sibley promised Doe's parents that she would be "fair" after the investigation was conducted. Days later, Superintendent Sibley conversed with John Doe's parents and provided a letter outlining, "Please be informed that [John Doe] has been assigned to the Newton County Alternative School, located at the Newton County Administrative Building, effective Monday,

August 26, 2024. This assignment will remain in effect until January 7, 2025, at which time [John Doe] will be eligible to return to Newton County High School, pending a favorable recommendation from the Alternative School Director."

On August 26, 2024, John Doe's father emailed Brooke Sibley and Nick Smith, "to formally request a hearing, an appeal and access to all relevant information regarding the recent suspension of our son [John Doe] from the Newton County High School following the August 15, 2025 (sic) incident." School officials gave no response to the email sent by John Doe's father. Neither John Doe, nor his parents received any documentation or evidence related to his suspension. After school district officials ignored John Doe's parents' request for a due process hearing and/or appeal, his parents asked to be placed on the next school board meeting agenda. At the school board meeting on October 14, 2024, John Doe's parents and their attorney asked the school board to instruct school officials to afford John Doe a due process hearing and/or to accept their appeal of the school district's decision to suspend him and place him at the alternative school for an entire semester.

The school board denied this request for a due process hearing on this matter. Further, given the deprivation of a due process hearing and/or transcript of any testimony or opportunity for defense, the Board could not and did not consider any appeal from John Doe or his parents. Consequently, John Doe was suspended out-of-school from August 15 thru August 26th, subsequently placed at alternative school for approximately five (5) months, and subjected to a documented weapon-related infraction that is damaging to his scholastic record and reputation.

## LAW

Our Supreme Court has long established that students have an "undeniable property interest in a state-provided public education" that may not be deprived without due process of law. *Goss*

*v. Lopez, 419 U.S.565, 574, 95 S. Ct. 729, 42 L. Ed 2d 725 (1975)*. The Court noted in *Goss*, "the property interest in educational benefits temporarily denied [is not] so insubstantial that suspensions may constitutionally be imposed by any procedure the school chooses, no matter how arbitrary. *419 U.S. at 576*. Similar to Goss, the Mississippi Constitution requires a public education be made available to citizens and further mandates children of a certain age attend school- creating the property interest therein.

The Supreme Court determined that, "due process [for suspensions of a certain length] requires that the student be given oral or written notice of the charges against him, and if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Goss, 419 U.S. at 581*. Further, Miss. Code Ann. § 37-9-71 provides in part that "[f]or any suspension of more than ten [10] days or expulsions, *a student shall have the right to a due process hearing, be represented by legal counsel, to present evidence and cross-examine witnesses presented by the distric*t. The student and the student's parent, legal guardian or person in custody of the student may appeal suspension of more than ten (10) days and expulsions to the school board. The standard of proof in all disciplinary proceedings shall be substantial evidence. *The parent or guardian of the child shall be advised of this right to a hearing by the appropriate superintendent or principal and the proper form shall be provided for requesting such a hearing*."

## APPLICATION OF AUTHORITIES

Despite well-established federal laws, state laws and the district's own policy, Newton County school officials refused to recognize their student, John Doe's, right to a due process hearing. The student was given a ten (10) day suspension on August 15, 2024, and to date has not been presented with evidence to substantiate the allegations, nor has he been allowed to offer testimony or witnesses on his behalf. *Miss. Code Ann. § 37-9-71*, outlines a student's right to a

hearing in such circumstances and appears to be consistent with the Newton County School District policies that exist, but were not followed in this instance. Per Newton County School District policy, "[i]f a student/parent/guardian is aggrieved by the suspension decision of the administrator, the student/parent/guardian may appeal the decision in accordance with the following guidelines approved by the Board of Education […] for appeal of suspensions lasting more than 10 days, appeal may be made to the Board of Education. All requests must be made in writing." *See Exhibit "A"*.

Despite the Plaintiff's written request for a hearing and/or appeal sent to school officials on August 26, 2024, Defendants refused to provide an opportunity for the student and his parents to provide any defense of these allegations. Similar to *Goss*, the student here was not granted an opportunity for a hearing prior to his suspension or within a reasonable time thereafter. In relevant part, the District's policy outlines that, "[i]n order to preserve a student's rights under the protection of due process of law, *any student shall be* given the opportunity for a hearing before appropriate school district officials *should he/she or his parent/guardian desire to have a hearing*." Newton County School District Policy further states:

> "There is a defined method and protocol to the appeals procedure. The following is the step-by-step procedure to be used for appealing decisions/actions of school district personnel: […] (2) If the appeal concerns an action by a principal, then the initial appeal should be made to that administrator. (3) If, after Step 2 no consensus is reached, the appeal may be made to the District Discipline Committee. The District Discipline Committee will renders its decision in the matter and submit the same to the Superintendent. The Superintendent is authorized to accept, reject, and/or modify the decision of the committee. (4) If, after step 3 no consensus is

reached, the student or his/her parent guardian may make a written request for appeal to the Board of Education. This request must be made through the use of proper request form which is available in the Office of the Superintendent. The Board, in its sole and absolute discretion, will determine whether or not the appeal has merit to be heard by the board. *If so, it will be heard in the form of documents and testimony from the Discipline Hearing.* If the committee determines that the Superintendent's decision and or the decision of the disciplinary committee is final, then such an appeal request will be denied and the student and/or his/her parent guardian *shall be notified in writing by the district office*." See Exhibit "A".

The arbitrary and capricious actions taken against John Doe were a violation of his rights under the Fourteenth Amendment of the United States Constitution and contrary to state law, specifically *Miss. Const. Ann. Art. 3, § 14* and *Miss. Code Ann. § 37-9-71*. Defendants were acting under the color of Mississippi law when they violated John Doe's procedural and substantive due process rights. These egregious violations of his rights occurred as he was denied: (1) an appeal/hearing before the District Discipline Committee; (2) an opportunity to present witnesses on his behalf; (3) an opportunity to cross-examine his accusers and/or to review any evidence presented against him and (4) an appeal before the school board "in the form of documents and testimony from the Discipline Hearing" – as a transcript did not exist.

## CONCLUSION

John Doe and his parents were not given an opportunity for a disciplinary hearing, have not received access to any substantiating testimony or documents produced by the District, and were effectively denied any opportunity to appeal this decision. Plaintiff asserts this injunction is

proper and necessary to prevent further irreparable harm to the minor, John Doe's educational interests. Accordingly, Plaintiff requests the Court enjoin Defendants from continuing to place John Doe in alternative school without affording him a due process hearing.

**RESPECTFULLY SUBMITTED**, this is the 24th day of December, 2024.

<div style="margin-left: 40%;">

JANE DOE, the mother and next friend of JOHN DOE, A MINOR

//s//Lisa M. Ross
Lisa M. Ross (MSB#9755)
Post Office Box 11264
Jackson, MS 39283-1264
Telephone: (601) 981-7900
lross@lmrossatlaw.com

//s//Shani B. Anderson
Shani B. Anderson (MSB#105407)
Post Office Box 14171
Jackson, MS 39236
Telephone: (769) 208-8562
Sanderson@jablawpllc.com

------
**Attorneys for Jane Doe**

</div>