IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE, AS THE NATURAL MOTHER
AND NEXT FRIEND OF JOHN DOE, A MINOR,                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:24-cv-788-DPJ-ASH

NICK SMITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
BROOKE SIBLEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,
JOSH SANDERS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
CAMP KEITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
KENNETH THOMPSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
JASON CAIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
MARTY MCKEE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
AND NEWTON COUNTY SCHOOL DISTRICT                              DEFENDANTS

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

**COMES NOW** Jane Doe, the Natural Mother and Next Friend of John Doe, a minor, and respectfully requests that the Court grant leave to file the Plaintiff's affidavit, in support of her *Motion for a Preliminary Injunction*, under seal.

The case at bar stems from an incident involving a minor, John Doe, who was accused of possessing a firearm at school and subsequently denied the opportunity to defend himself against the allegations. The Plaintiff seeks to file her affidavit in support of the *Motion for a Preliminary Injunction* under seal to protect the identity and privacy of her minor son, John Doe. The Plaintiff requests this affidavit be permanently sealed from public access only, with CM/ECF access permitted only to the litigants' counsel. This permanent sealing is necessary as John Doe's interests

in fairness, privacy and confidentiality of his education records would extend throughout his life. This limited restriction is most appropriate as the minor's education records are inevitably a centerpiece of this case and the affidavit references the content of those confidential records and identifies Jane Doe by name. The request to file this affidavit under seal is narrowly tailored to be the least restrictive means of protecting the minor's privacy. Alternatively, if this Court is unwilling to seal the affidavit in its entirety, Plaintiff requests all personally identifiable information in the affidavit be redacted to protect the child's identity and privacy.

John Doe's status as a minor makes it inherently important to protect his identity and details contained in his confidential school records. The Family Educational Rights and Privacy Act (herein "FERPA") protects the confidentiality of student education records and permits withholding personally identifiable information from public access. Particularly in this digital age, if made public, the minor's identity and records could easily be found and follow this child as he applies to colleges and becomes an adult. At its broadest, "personally identifiable information" includes "information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.

If released, his identity and these unproven allegations involving a firearm could foreseeably taint his future education and employment opportunities. Further, the minor would be perceived as guilty of allegations that he has not been afforded an opportunity to defend himself against. In *D.H.H. v. KCISD,* the case revolved entirely around D.H.H.'s student records that contained sensitive information about the student's behavioral issues and alleged learning disability. *Rob Anna H. ex rel. D.H.H. v. Kirbyville Consol. Indep. Sch. Dist.*, No. 1:18-CV-120, 2019 WL 5390125 (E.D. Tex. July 12, 2019). Since disclosure would have made it plainly obvious

who "D.H.H." was, the Court allowed sealing the summary judgment record. ("because the summary judgment record comprises educational records of a minor child and readily identifiable information regarding a minor child"). Here, the same concerns justify Plaintiff's request for sealing Jane Doe's affidavit.

The interests favoring nondisclosure outweigh the public's common law right to access judicial records." *BG,III v. Banks*, No. 4:16-cv-64, 2017 WL 318836 (N.D. Miss. Jan. 23, 2017). *See Jaufre ex rel. Jaufre*, 351 F. Supp. at 516 ("Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access."). While the "best interests" of a **minor** child may not always outweigh the public's right, this case does not appear to pose any particular risk of calling into question the trustworthiness of the judicial process, and the weight assigned to [the minor]'s interest in fairness is necessarily greater for the reasons discussed above. *Id.*

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court grant the instant Motion for Leave to File Documents Under Seal.

**RESPECTFULLY SUBMITTED**, this is the 24th day of December 2024.

        JANE DOE, the mother and next friend of
        JOHN DOE, A MINOR

        //s//Lisa M. Ross
        Lisa M. Ross (MSB#9755)
        Post Office Box 11264
        Jackson, MS 39283-1264
        Telephone: (601) 981-7900
        lross@lmrossatlaw.com

        //s//Shani B. Anderson
        Shani B. Anderson (MSB#105407)
        Post Office Box 14171
        Jackson, MS 39236
        Telephone: (769) 208-8562

Sanderson@jablawpllc.com<br>
**Attorneys for Jane Doe**