UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE, AS THE NATURAL MOTHER AND NEXT FRIEND OF JOHN DOE, A MINOR                                                      PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:24-CV-788-DPJ-ASH

NICK SMITH, ET AL.                                                              DEFENDANTS

ORDER

Plaintiff Jane Doe, presumably not her actual name, filed this lawsuit as the mother and next friend of John Doe, a minor, on December 11, 2024. As explained below, the Court directs Plaintiff to file a motion to proceed pseudonymously.

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." "Federal courts have discretion, however, to permit parties to proceed under pseudonyms where special circumstances justify anonymity." *Doe v. FriendFinder Networks, Inc.*, No. 19-CV-727, 2024 WL 3423721, at *2 (W.D. Tex. June 20, 2024) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)), *aff'd in part, vacated in part*, 2024 WL 3423720 (W.D. Tex. July 16, 2024). Whether to permit a party to sue anonymously "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The Fifth Circuit has identified "three factors common to anonymous-party suits that . . . 'deserve considerable weight.'" *Doe v. Mckesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019) (quoting *Stegall*, 653 F.2d at 186), *vacated by Mckesson v. Doe*, 592 U.S. 1 (2020). Those include cases in which the plaintiff is challenging governmental activity, cases in which the plaintiff will be required to disclose information "of the utmost intimacy," and cases in which the plaintiff will be "compelled to admit [his] intention

to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F.2d at 185. But these factors do not form a "rigid, three-step test for the propriety of party anonymity," and courts have considered other circumstances in assessing the propriety of pseudonymity. *Id.*; *see Doe v. Univ. of the Incarnate Word*, No. 19-CV-957, 2019 WL 6727875, at *3 (W.D. Tex. Dec. 10, 2019) (listing as additional factors whether plaintiffs would face threats of "violence or physical harm by proceeding in their own names, a party's age and related vulnerability, and any prejudicial impact on the defending parties").

Plaintiff has yet to address any of this. The Court therefore directs her to file a properly supported motion to proceed under a pseudonym on or before January 13, 2025. The failure to so move will result in the entry of an Order directing her to file an amended complaint that complies with Rule 10(a).

**SO ORDERED AND ADJUDGED** this the 30th day of December, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE