IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JANE DOE, AS THE NATURAL MOTHER**
**AND NEXT FRIEND OF JOHN DOE, A MINOR,**                              **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 3:24-cv-788-DPJ-ASH**

**NICK SMITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**BROOKE SIBLEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,**
**JOSH SANDERS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**CAMP KEITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**KENNETH THOMPSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**JASON CAIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**MARTY MCKEE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**AND NEWTON COUNTY SCHOOL DISTRICT**                              **DEFENDANTS**

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

**COMES NOW** the Plaintiff, Jane Doe, the Natural Mother and Next Friend of John Doe, a minor, by and through the undersigned counsel, and respectfully moves this Honorable Court pursuant to Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 10, and Fed. R. Civ. P. 26, to allow her to litigate this case under the pseudonyms Jane Doe and John Doe to ensure the Defendants in this matter keep the Plaintiff's identity confidential during the prosecution of this lawsuit and after its conclusion. In support of the instant Motion, the Plaintiff states as follows:

**I.     BACKGROUND**

This is a suit for damages arising out of the Defendants' violations of state and federal civil statutes as outlined below:

1. This action involves a federal question arising under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This matter involves a minor child being deprived of his constitutional rights and protections guaranteed under the Fourteenth Amendment, for minor students facing disciplinary actions by school officials. The Court may grant injunctive relief, prospective relief and monetary damages from the defendants.

2. Although, Fed. R. Civ. P. 10(a) dictates that "[t]he title of the complaint must name all parties," the Plaintiff is pursuing this case to protect her minor child's right to due process in the public-school setting and prevent inaccurate educational records from negatively impacting his future. The Plaintiff filed her case under the pseudonyms "Jane Doe and John Doe" and now formally seeks the protection of these pseudonyms as previously requested in her Complaint. Accordingly, the Plaintiff moves this Honorable Court to permit her to proceed pseudonymously throughout this litigation.

## II.   ARGUMENT

3. Generally, the complaint must identify the name of the Plaintiff. *See* Fed. R. Civ. P. (10)(a). However, [i]n some exceptional cases, the public interest in knowing the identity of all parties must yield "to a policy of protecting privacy in a very private matter." *Freedom from Religion Found, Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

4. Such *ex parte motions* are appropriate. For example, see *Doe v. Griffon Mgmt. LLC,* U.S. Dist. LEXIS 171779, 2014 WL 7040390, *1 (E.D. La); *Roe v. Patterson*, 2019 U.S. Dist. LEXIS 95314, 2019 WL 2407380, *1 (E.D., Tex).

5. Parties to an action in federal court must typically *proceed* by a designated name. *Federal Rules of Civil Procedure 10(a)*, provides that "all parties must be named in the title of the complaint." *Rule 17(a)(1)* further states, "An action must be prosecuted in the name of the real party in interest." The Fifth Circuit holds this to be a matter of public importance. "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v Stegall, 653 F.2d 180,185 (5th Cir. 1981),* citing *Richmond Newspapers Inc. v Virginia,* 448 US 555, 580-81, 100 S. Ct. 2814, 65 L. Ed. 2d 973, n 17 (1980).

6. But in certain circumstances a party may proceed under pseudonyms. The Fifth Circuit has advanced, "no hard and fast formula for ascertaining whether a party may sue anonymously." *Stegall,* 653 F.2d at 186. The consideration typically balances maintenance of a party's privacy against the presumption of openness in judicial proceedings. *Rose v Beaumont Independent School District,* 240 F.R.D. 264, 266 (E.D. Tex 2007), citing *Stegall*, 653 F. 2d at 185; see also *Southern Methodist University Association of Women Law Students v Wynne & Jaffe,* 599 F. 2d 707, 712-13 (5th Cir. 1979).

7. Courts applying this balancing test have permitted plaintiffs to use pseudonyms in three general categories of situations. The first is "when identification creates a severe and specific risk of retaliatory physical or mental harm." *W.D.O. v Harris County Sheriff Department,* 2005 U.S. Dist. LEXIS 54320, 2005 WL 8169263, *2 (S.D. Tex); see also *Stegall,* 653 F. 2d at 186. The second is when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature." *W.D.O.*, 2005 U.S. Dist. LEXIS 54320, 2005 WL 8169263 at *2 (citations omitted). The third is when the anonymous party is "compelled to admit [his or her]

intention to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F. 2d at 185.

8. This case involves matters of a sensitive and highly personal nature, as this litigation centers around the confidential educational records of a minor child. Further, this lawsuit was necessary because the minor child has been repeatedly denied due process to defend himself against heinous allegations that are now included in his educational records. Such circumstances weigh overwhelmingly in favor of granting the *motion to proceed under a pseudonym*. The interests favoring nondisclosure outweigh the public's common law right to access judicial records." *BG,III v. Banks*, No. 4:16-cv-64, 2017 WL 318836 (N.D. Miss. Jan. 23, 2017). *See Jaufre ex rel. Jaufre*, 351 F. Supp. at 516 ("Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access.").

9. Allowing the Plaintiff to proceed under the pseudonyms at this point will not prejudice the Defendants. Plaintiff asserts that Defendants are already aware of her and her son's true identities, because of the nature and timeline of the egregious violations in this instance. While Defendants will have to make redactions and take measures not to disclose Does' identities, their anonymity in court papers should not otherwise hinder the defense of this action.

10. In seeking the protection of pseudonyms, the Plaintiff simply seeks redaction of her and her minor child's personal identifying information from the public docket and a protective order to preserve the minor's child right to privacy to matters in his educational records. John Doe's status as a minor makes it inherently important to protect his identity and details contained in his confidential school records. Exposure of the minor's personally

identifiable information, including the name of his mother, to the public would cause him to suffer irreparable harm.

### III.   CONCLUSION

**WHEREFORE PREMISES CONSIDERED,** the Plaintiff respectfully requests this Honorable Court permit her and her minor child to proceed pseudonymously throughout this litigation so that all Parties use the Plaintiffs' pseudonyms Jane Doe and John Doe in all documents filed in this action.

**RESPECTFULLY SUBMITTED**, this the 13th day of January, 2025.

JANE DOE, the mother and next friend of
JOHN DOE, A MINOR

//s//Lisa M. Ross
Lisa M. Ross (MSB#9755)
Post Office Box 11264
Jackson, MS 39283-1264
Telephone: (601) 981-7900
lross@lmrossatlaw.com

//s//Shani B. Anderson
Shani B. Anderson (MSB#105407)
Post Office Box 14171
Jackson, MS 39236
Telephone: (769) 208-8562
Sanderson@jablawpllc.com

**Attorneys for Jane Doe**