UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE, AS THE NATURAL MOTHER                                         PLAINTIFF
AND NEXT FRIEND OF JOHN DOE,
A MINOR

V.                                          CIVIL ACTION NO. 3:24-CV-788-DPJ-ASH

NICK SMITH, ET AL.                                                    DEFENDANTS

ORDER

This matter is before the Court on Plaintiff's Motion to Proceed Pseudonymously [7]. Plaintiff, hereinafter "Jane Doe," filed this lawsuit pseudonymously and is proceeding as the mother and next friend of her minor son, hereinafter "John Doe." Defendants have moved to dismiss [16] Doe's complaint for insufficient process because she issued summonses using pseudonyms before the Court granted her leave to proceed pseudonymously.[1] For the reasons stated below, the Court finds that Doe's motion [7] should be granted without prejudice to the right of Defendants to challenge this ruling once they have answered Doe's complaint [1].

John Doe is a student who was suspended from Newton High School for ten days after school officials allegedly found a firearm in John Doe's vehicle. Jane Doe alleges the school board denied John Doe his Fourteenth Amendment due process rights when it upheld his suspension without providing an opportunity for a disciplinary hearing. She says that the nature of this suit necessitates using pseudonyms for herself and for her minor child to protect his

---

[1] The procedural posture of Doe's Motion [7] and Defendants' Motion to Dismiss [16] is unusual. On the same day Doe filed her complaint, she also obtained summonses bearing the pseudonyms at issue. Although the Court instructed Doe to seek permission to continue litigating this case using pseudonyms, *see* Order [6], six of the eight summonses were returned executed before the Court ruled on her motion to proceed pseudonymously [7]. Defendants have now moved to dismiss Doe's complaint for insufficient process. They have not responded to her motion.

1

identity. Because of the ease of identifying her son if her name is on the pleadings, she argues she should be allowed to use a pseudonym as well.

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all parties." Fed. R. Civ. P. 10(a). The Fifth Circuit, however, has recognized certain circumstances that allow a plaintiff to proceed under a pseudonym. *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). "The Fifth Circuit has identified three factors 'common to those exceptional cases in which the need for party anonymity overwhelms the presumption of disclosure': (1) plaintiffs are 'suing to challenge governmental activity; (2) prosecution of the suit compels plaintiffs to disclose information "of the utmost intimacy;" and (3) plaintiffs [are] compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Doe v. Hood*, No. 3:16-CV-789-CWR-FKB, 2017 WL 2408196, at *1 (S.D. Miss. June 2, 2017) (quoting *Stegall*, 653 F.2d at 185). But there is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Stegall*, 653 F.2d at 186. Rather, this list of factors is non-exhaustive. *See Doe v. Univ. of the Incarnate Word*, No. 19-CV-957, 2019 WL 6727875, at *3 (W.D. Tex. Dec. 10, 2019) (listing as additional factors whether plaintiff would face threats of "violence or physical harm by proceeding in their own names, a party's age and related vulnerability, and any prejudicial impact on the defending parties").

After assessing the above factors and the facts of this case, the Court finds that the Does should be permitted to proceed pseudonymously. Turning to the first factor, Jane Doe brings her suit on behalf of her minor son[2] against Newton County School District, its superintendent and

---

[2] Because John Doe is a minor, *see* Compl. [1] ¶ 1, Federal Rule of Civil Procedure 5.2(a)(3) already requires that he be identified by no more than his initials only. The Court sees little distinction in allowing Jane Doe to proceed by identifying him as John Doe rather than by his initials because by rule he is entitled to additional privacy due to his age.

board members, and the principal of Newton County High School. These Defendants are governmental actors, and she is challenging governmental activity concerning her son. But Jane Doe challenges the superintendent, board members, and principal, in their official *and individual capacities*. Because Jane Doe challenges their actions in their individual capacities, Defendants Smith, Sibley, Sanders, Keith, Thompson, Cain, and McKee, each have a significant interest in protecting their reputation from damaging allegations, more so than if Jane Doe were solely challenging governmental activity. *See S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) ("[T]he mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. . . . Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names."). The Court therefore finds the first factor weighs against Jane Doe's request for pseudonymity. *See, e.g.*, *Doe v. El Paso Cnty. Hosp. Dist.,* No. 13-CV-406, 2015 WL 1507840, at *2–4 (W.D. Tex. Apr. 1, 2015); *Rose v. Beaumont Indep. School Dist.*, 240 F.R.D. 264 (E.D. Tex. 2007).

As to the second and third factors, Jane Doe argues that this case is of a "sensitive and highly personal nature" because it involves the "confidential educational records of a minor child." Mot. [7] ¶ 8. Based on the record currently before it, the Court agrees. While the public has a broad right of access to court proceedings, *see Stegall*, 653 F.2d at 185, the privacy right afforded to a minor child "may constitute a compelling interest that outweighs the presumption in favor of public access." *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005). Moreover, Mississippi statutes similarly reflect a public policy favoring confidentiality of juvenile court proceedings involving children. *See BG, III v. Banks*, No. 4:16-CV-64, 2017 WL 318836, at *2 (N.D. Miss. Jan. 23, 2017) (citing Miss. Code. Ann. § 43-21-251(2)). John Doe's

3

educational records include the disciplinary action concerning his alleged possession of a firearm on school property. Because he may be compelled to admit his intention to engage in illegal conduct, the third factor also applies. While John Doe's educational records are not those of his mother, given her relationship to him, disclosure of her name could effectively reveal John Doe's identity. The risk of this may be heightened because of the small community from which this dispute arises.[3] Accordingly, the second and third factors weigh in favor of pseudonymity.

The Court also finds that permitting the Does to proceed pseudonymously will not prejudice or pose a threat of fundamental unfairness to Defendants, as they are already aware of the individuals' identities because of their involvement in the disciplinary proceedings preceding this case.

The Court therefore grants Plaintiff's Motion to Proceed Pseudonymously [7] without prejudice to the right of Defendants to challenge this ruling once they have answered Doe's complaint [1]. Because the Court grants her motion, Jane Doe is permitted to issue new summonses bearing the pseudonyms authorized by this Order. None of Jane Doe or John Doe's personally identifying information shall be made public on the Court's docket. When filing any publicly accessible document (non-sealed or non-restricted documents) filers shall use the pseudonyms "Jane Doe" and "John Doe" in place of the individuals' names and shall not include any of their personally identifying information.

**SO ORDERED AND ADJUDGED** this the 31st day of January, 2025.

s/ *Andrew S. Harris*  
UNITED STATES MAGISTRATE JUDGE

---

[3] While Jane Doe focuses on John Doe's educational records, this presumably includes his disciplinary records. Accepting the allegations of the complaint as true, and recognizing the reality that many CM/ECF filings are widely distributed on the internet, it is not difficult to imagine the potential harm to John Doe if he were identified, either by use of his name or by deduction based on his mother's name.