UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE, AS THE NATURAL
MOTHER AND NEXT FRIEND OF
JOHN DOE, A MINOR                                                                                  PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:24-CV-788-DPJ-ASH

NICK SMITH, ET AL.                                                                              DEFENDANTS

ORDER

Plaintiff Jane Doe, the natural mother and next friend of John Doe, seeks leave [5] to file her affidavit in support of the motion for preliminary injunction [4] under seal. For the reasons below, the Court denies the motion but will allow Plaintiff to file a redacted version.

I.      Factual and Procedural Background

John Doe is a student at Newton High School, and he was suspended for ten days after school officials allegedly found a firearm in his vehicle. Compl. [1] ¶ 9. Plaintiff filed this suit alleging that the school board denied Doe his Fourteenth Amendment due-process rights when it upheld his suspension without conducting a disciplinary hearing. *Id.* ¶¶ 17, 20. On December 24, 2024, Plaintiff filed a motion for preliminary injunction [4] asking the Court to enjoin Defendants from placing Doe in alternative school and including the suspension on his school disciplinary record. *See* Pl.'s Injunction Mem. [4-1] at 1.[1] In support of the preliminary-injunction motion [4], Plaintiff seeks to file her own affidavit under seal because she claims it references confidential information that identifies John Doe. Defendants do not oppose the motion to restrict [5]. Defendants alerted the Court by email that they do not oppose the motion.

---

[1] The Court notes that Plaintiff attaches her supporting memoranda as exhibits to her motions [4, 5]. This violates Uniform Local Rule 7(b)(2) ("The memorandum brief must be filed as a separate docket item from the motion or response and the exhibits.").

II.       Standard

"The Courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). But the public's right to inspect judicial records is not absolute. *See S.E.C v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). And "because no clear rules can be articulated as to when judicial records should be closed to the public, the decision to do so necessarily rests within the sound discretion of the courts." *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981).

The Fifth Circuit requires "a working presumption . . . that judicial records should not be sealed." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). Importantly, the Local Rules provide that "all pleadings and other materials filed with the court ('court records') become a part of the public record the court." L.U. Civ. R. 79(a). To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure. *Van Waeyenberghe*, 990 F.2d at 849.

"Motions to restrict information are decided on a 'case-by-case, document-by-document, line-by-line basis' and must be 'congruent to the need.'" *USAA Life Ins. Co. v. McCabe*, No. 3:23-CV-393-CWR-LGI, 2023 WL 6556012, at *2 (S.D. Miss. Sept. 5, 2023) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419, 420 (5th Cir. 2021)). To prevail on a motion to restrict, the movant must provide the Court with "clear and compelling reasons to shield a document" from public access. *Id.* (citing *Equal Emp. Opportunity Comm'n v. Halliburton Energy Servs.*, No. 3:16-CV-233-CWR-FKB, 2018 WL 3061973, at *1 (S.D. Miss. May 17, 2018)).

III.    Discussion

Plaintiff says a compelling interest exists to seal her affidavit—it references John Doe's education records and identifies Plaintiff Jane Doe by name. Pl.'s Mem. [5-1] at 4. Knowing Plaintiff's name might well identify her son. And the privacy of children can constitute a compelling interest that outweighs the presumption in favor of public access. *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005). But Plaintiff has not identified a compelling interest strong enough to seal the entire affidavit. *See Green v. Winona Montgomery Consol. Sch. Dist.*, No. 4:21-CV-32-DMB-JMV, 2021 WL 1723226, at *2 (N.D. Miss. Apr. 30, 2021) (explaining that a "motion to seal is not narrowly tailored 'where the moving party's interests can be adequately served by filing a more narrowly tailored motion to seal,' such as one seeking redactions") (quoting *Liberty Int'l Underwriters, Can v. Scottsdale Ins. Co.*, No. 12-4934, 2018 WL 2973454, at *2 (D.N.J. June 12, 2018)) (collecting cases).

Plaintiff does, however, seek alternative relief—leave to redact the affidavit. Pl.'s Mem. [5-1] at 4. The Court therefore instructed her to provide the affidavit for in-camera review and explain what she would need to redact. The only thing she sought to redact was her own signature. This request is narrowly tailored and compelling. S*ee In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2021 WL 1415121, at *4 (S.D.N.Y. Apr. 14, 2021) ("[T]here is no basis to keep the documents at issue under seal in their entirety; there may, however, be a basis to redact information (for example, any identifying information regarding the minor plaintiffs).").

Against this backdrop, the motion to restrict is denied. But to protect John Doe's privacy while still upholding the "presumption of openness" to the public, *Binh Hoa Le*, 990 F.3d at 421, Plaintiff may file her affidavit with the requested redaction.

IV.  Conclusion

The Court has considered all arguments. Those not specifically addressed would not change the outcome. For the reasons above, the motion to restrict [5] is denied but Plaintiff will be permitted to file a redacted version of her affidavit while also docketing a separate affidavit (unredacted) under restricted status within seven days of the date of this Order. Defendants are instructed to respond to the motion for preliminary injunction within seven days after Plaintiff has filed her affidavit.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2025.

*s/ Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE