UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE, AS THE NATURAL
MOTHER AND NEXT FRIEND OF
JOHN DOE, A MINOR                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:24-CV-788-DPJ-ASH

NICK SMITH, ET AL.                                                                              DEFENDANTS

ORDER

This matter is before the Court on Plaintiff's motion for preliminary injunction [4] and Defendants' motion to dismiss [16] for insufficient service of process. Because the relief sought has already occurred and Defendants waived service of process, the Court denies both motions as moot.

I.   Factual and Procedural Background

John Doe, a student at Newton High School, was suspended for ten days after school officials allegedly found a firearm in his vehicle. Compl. [1] ¶ 9. On August 21, 2024, Superintendent Brooke Sibley sent his parents a letter stating that he would be placed in alternative school until January 7, 2025. Letter [25-2]; *see also* Pl.'s Mem. [4-1] at 2-3. Plaintiff, Doe's mother, believes the school board denied him his Fourteenth Amendment due-process rights when it upheld his suspension without conducting a disciplinary hearing. Compl. [1] ¶¶ 17, 20.

Aggrieved, Plaintiff filed this lawsuit and then moved [4] to enjoin Defendants from placing John Doe in alternative school without a due-process hearing. Defendants responded [25]; Plaintiff did not file a reply, and the time to do so has passed. Defendants also moved [16]

to dismiss for insufficient process. The Court has subject-matter jurisdiction and is prepared to rule.

II.     Analysis

    A.     Motion to Dismiss

Defendants moved to dismiss for insufficient service of process stating that Plaintiff did not seek leave from the Court to proceed under pseudonyms before issuing the summonses that used the pseudonyms. Defs.' Mot. [16] at 1-2.[1] But before Defendants filed their motion, United States Magistrate Judge Andrew S. Harris directed Plaintiff to file a motion to proceed under a pseudonym, Plaintiff complied, and Judge Harris granted the motion. *See* Order [6]; Mot. [7]; Order [18]. Defendants later waived service of process. *See* Waivers of Service [26, 27, 28]. The Court therefore denies the motion to dismiss as moot.

    B.     Motion for Preliminary Injunction

Plaintiff's motion seeks to enjoin Defendants "from placing John Doe in alternative school without affording him a due[-]process hearing." Mot. [4] at 1. According to Defendants, John Doe's assignment to alternative school "has already occurred," and he "has returned to the regular school setting." Defs.' Resp. [25] at 2. They therefore say the motion is moot.

Defendants support that argument with sworn testimony from Jason Roberson, Director of the Newton County Alternative Education Center, attesting that John Doe completed his alternative-school assignment on January 7, 2025, and that he has been transferred back to Newton High School. Roberson Aff. [25-1] at 1. As noted, Plaintiff did not file a reply challenging Defendants' position. These facts are therefore uncontradicted in the record.

---

[1] Six of the eight summonses had already been returned and executed. *See* Summonses [8, 9, 10, 13, 14, 15].

Generally, "[a] request for an injunction is moot 'upon the happening of the event sought to be enjoined.'" *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012) (quoting *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998)).  Because John Doe has already completed his alternative-school assignment and returned to the high school, Plaintiff's request is moot.  *See Harris*, 151 F.3d at 189 ("[W]e simply cannot enjoin that which has already taken place.").

III.   Conclusion

The Court has considered all arguments.  Those not specifically addressed would not change the outcome.  For the reasons above, Plaintiff's motion for preliminary injunction [4] and Defendants' motion to dismiss [16] are denied as moot.

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2025.

s/ *Daniel P. Jordan III*  
UNITED STATES DISTRICT JUDGE