UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE, AS THE NATURAL
MOTHER AND NEXT FRIEND OF
JOHN DOE, A MINOR                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:24-CV-788-DPJ-ASH

NICK SMITH, ET AL.                                                   DEFENDANTS

ORDER

In this school-discipline case brought under 42 U.S.C. § 1983, Defendants Newton

County School District (NCSD), Nick Smith, Brooke Sibley, Josh Sanders, Camp Keith,

Kenneth Thompson, Jason Cain, and Marty McKee move for judgment on the pleadings.  Mot.

[32].  For the reasons below, the Court grants Defendants' motion but will allow Plaintiff the

opportunity to seek leave to amend.

I.        Facts and Procedural History

On August 14, 2024, NCSD Superintendent Brooke Sibley received a report from school-

district officials claiming John Doe was seen with another student "handling a firearm on school

property."  Compl. [1] ¶ 8.  Neither Sibley nor another NCSD official contacted Doe or his

parents on the day Plaintiff was seen with the gun.  *Id.*  Instead, administrators allowed Doe into

the school on August 15, 2024, where he was eventually met by school officials who "searched

[his] vehicle and claimed a firearm was found in [his] vehicle."  *Id.* ¶ 9.  That same day, Newton

County High School Principal Nick Smith suspended Doe for ten days for possessing a firearm

on school property.  *Id.* ¶ 10.

The next day, August 16, Superintendent Sibley met with Doe's parents.  *Id.* ¶ 13.  Six

days later, August 22, Superintendent Sibley mailed Doe's parents a letter informing them that

Doe had "been assigned to the Newton County Alternative School . . . effective Monday, August 26, 2024 . . . until January 7, 2025." *Id.* ¶ 14 (quoting Sibley Letter [25-2]).  On August 26, 2024, after Doe's ten-day suspension, Doe's father emailed Superintendent Sibley and Principal Smith requesting a hearing, an opportunity to appeal, and access to all related information.  *Id.* ¶ 16.  No NCSD officials responded to the email.  *Id.* ¶ 17.

Doe sued Defendants on December 11, 2024.  In his Complaint, he asserts two procedural-due-process claims, two substantive-due-process claims, and one equal-protection claim against NCSD and seven individuals in their official and individual capacity.  *See* Compl. [1] ¶¶ 21–25.  Defendants seek dismissal under Federal Rule of Civil Procedure 12(c).  *See* Mot. [32] at 1.

II.    Standard of Review

A.    Rule 12(c)

The standard of review under Rule 12(c) is "identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim."  *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).  When deciding a Rule 12(c) or 12(b)(6) motion to dismiss, the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But the Court will not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022)).  "Conclusory" means "[e]xpressing a factual inference without stating the underlying

facts on which the inference is based." Black's Law Dictionary (11th ed. 2019), *quoted in*

*Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "This standard 'simply calls

for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the

necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir.

2008) (quoting *Twombly*, 550 U.S. at 556).

B.     Qualified Immunity

The individual defendants have also asserted qualified immunity. As the Fifth Circuit

succinctly summarized:

> [T]he doctrine of qualified immunity protects government officials from civil
> damages liability when their actions could reasonably have been believed to be
> legal. This immunity protects all but the plainly incompetent or those who
> knowingly violate the law. Accordingly, we do not deny immunity unless existing
> precedent must have placed the statutory or constitutional question beyond
> debate. The basic steps of this court's qualified-immunity inquiry are well-
> known: a plaintiff seeking to defeat qualified immunity must show: (1) that the
> official violated a statutory or constitutional right, and (2) that the right was
> clearly established at the time of the challenged conduct.

*Anderson v. Valdez*, No. 15-40836, 2016 WL 7667301, at *11 (5th Cir. Nov. 9, 2016) (cleaned

up); *see also Blackwell v. Laque*, No. 07-30184, 2008 WL 1848119, at *2 (5th Cir. Apr. 24, 2008)

("If the defendant's conduct did not violate [the] plaintiff's constitutional rights under the first

prong, . . . he is entitled to qualified immunity.").

III.    Analysis

    A.    Federal Constitutional Claims

Doe asserts his constitutional claims under 42 U.S.C. § 1983. To do so, he must

(1) allege a violation of rights secured by the Constitution or laws of the United States and

(2) demonstrate that the alleged deprivation was committed by a person acting under color of

state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Daniel v. Ferguson,* 839 F.2d 1124, 1128

(5th Cir. 1988). So, the threshold question is whether Doe has stated a constitutional violation.

The Court will start there and consider qualified immunity before moving to municipal liability.

    1.    Equal Protection

Under the Equal Protection Clause of the Fourteenth Amendment, "[n]o State shall . . .

deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend.

XIV, § 1. To prove a violation, a plaintiff must first "show disparate treatment between himself

and similarly situated comparators outside his protected class." *Williams v. City of Jackson*, No.

3:20-CV-785-DPJ-FKB, 2022 WL 4715706, at *13 (S.D. Miss. Sept. 30, 2022) (citing *Williams*

*v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999)).

Doe claims Defendants violated his equal-protection rights because "he was disciplined

differently than similarly situated students who committed similar infractions." Compl. [1] ¶ 25.

But he neither identifies a comparator nor offers any facts that would plausibly suggest disparate

treatment. Defendants say that's not enough, Defs.' Mem. [33] at 15–17, and Doe never

substantively addresses their argument. He instead repeats the conclusory claim that he was

treated less favorably. *See* Pl.'s Mem. [36] at 2, 6.

The failure to substantively respond arguably presents abandonment as Defendants argue

in reply. Defs.' Reply [37] at 7; *see, e.g.*, *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585 (5th

Cir. 2021) (stating claims are abandoned when party fails to substantively brief them).  But even if not abandoned, Doe failed to plead a plausible equal-protection claim.  *See, e.g.*, *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (affirming dismissal because complaint neither identified a comparator nor offered other facts making discrimination plausible).  Defendants' motion is therefore granted as to this claim, and because there was no substantive response to Defendants' argument and no indication that Doe has not pleaded his best case, the claim is dismissed with prejudice.

2.    Procedural Due Process

Doe's procedural-due-process claims fall into two broad categories.  First, he argues that Principal Smith and Superintendent Sibley denied Doe his right to (1) appeal the suspension to the District Discipline Committee; (2) present witnesses; (3) cross-examine accusers and/or review evidence; and (4) appeal to the school board.  Compl. [1] ¶ 21.  Second, Doe alleges that the other individually named Defendants violated the Due Process Clause by "fail[ing] to take actions to protect John Doe's right[s]" after Smith and Sibley denied Doe's right to appeal.  *Id.* ¶ 23.

Procedural due process "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  When these interests exist, "a State must provide an individual with notice and opportunity to be heard before the State may deprive him" of these interests.  *Jones v. Flowers*, 547 U.S. 220, 240 (2006) (Thomas, J., dissenting).  So "[t]o bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental

action resulted in a deprivation of that interest." *Baldwin v. Daniels,* 250 F.3d 943, 946 (5th Cir. 2001) (citation omitted).

Protected interests "are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972). "When a state, such as Mississippi, has provided an entitlement to a public education, a federal property interest exists in the promised education." *James v. Cleveland Sch. Dist.*, No. 4:19-CV-66-DMB-RP, 2021 WL 3277239, at *14 (N.D. Miss. July 30, 2021) (citing *Goss v. Lopez*, 419 U.S. 565, 573–74 (1975)), *aff'd*, 45 F.4th 860 (5th Cir. 2022) (holding that Mississippi "students have a property interest in receiving a state-provided education" under the Due Process Clause) (citing *Shepard v. Cleveland Sch. Dist.*, 822 F. App'x 312, 313 (5th Cir. 2020) (per curiam)). In addition, a suspension from school can impact the liberty interests in "a person's good name, reputation, honor, or integrity." *Goss*, 419 U.S. at 574 (citing *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971)).

Because protected interests exist, the next question is whether there has been a "deprivation of [those] interest[s]." *Baldwin*, 250 F.3d at 946. The Supreme Court examined that issue in the school-suspension context when it decided *Goss*, finding that "[a] 10-day suspension from school is not de minimis . . . and may not be imposed in complete disregard of the Due Process Clause." *Goss*, 419 U.S. at 576.

But when such "temporary" suspensions occur, *id.* at 581, the student is entitled only to "some kind of notice and [must be] afforded some kind of hearing," *id.* at 579.

> Students facing temporary suspension have interests qualifying for protection of the Due Process Clause, and due process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story. The Clause

requires at least these rudimentary precautions against unfair or mistaken findings
of misconduct and arbitrary exclusion from school.

*Id.* at 581.

Doe says he was entitled to more than these minimum procedures because he was
suspended for more than ten days. Pl.'s Mem. [36] at 7. To get there, he adds the ten-day
suspension to the time he attended the alternative school. *Id.* But the Fifth Circuit "has
consistently held that a student who is removed from her regular public school, but is given
access to an alternative education program, has not been denied her entitlement to public
education." *Swindle v. Livingston Par. Sch. Bd.*, 655 F.3d 386, 394 (5th Cir. 2011). Thus, "[a]
student's transfer to an alternative education program does not deny access to public education
and therefore does not violate a Fourteenth Amendment interest." *Harris ex rel. Harris v.
Pontotoc Cnty. Sch. Dist.,* 635 F.3d 685, 690 (5th Cir. 2011); *see also McClelland v. Katy Indep.
Sch. Dist.*, 63 F.4th 996, 1015 (5th Cir. 2023) (holding that "students are not deprived of a
protected property or liberty interest when they are placed in alternative education programs").

Because NCSD did not totally exclude Doe from his education, the time in alternative
school does not count as a suspension and does not deprive Doe of a protected property or liberty
interest. *See McClelland*, 63 F.4th at 1015. The Court therefore considers the process Doe
received for his temporary suspension as it applies to Doe's separate claims.

***Pre-suspension claims against Smith and Sibley.*** As noted, the *Goss* Court set minimal
due-process requirements for suspensions lasting ten days or less, requiring "some kind of notice
and . . . some kind of hearing." 419 U.S. at 579. It further held: "We stop short of construing
the Due Process Clause to require, countrywide, that hearings in connection with short
suspensions must afford the student the opportunity to secure counsel, to confront and cross-
examine witnesses supporting the charge, or to call his own witnesses to verify his version of the

incident." *Id.* at 583.  Instead, the Constitution demands only "an informal give-and-take between student and disciplinarian." *Id.* at 584.

Because *Goss* does not recognize the right to cross-examine his accusers, and Doe offers no "independent source" for that right, *Roth*, 408 U.S. at 577, the Court grants Defendants' motion for judgment on the pleadings as to the claim that procedural due process required cross-examination.  *See id.* at 583.

Doe also says he should have been allowed to call witnesses.  Compl. [1] ¶ 21.  *Goss* expressly rejects that argument, 419 U.S. at 583, but Doe contends that the right flows from the procedures outlined in the Newton County School District's Student Handbook [4-2].  *See* Pl.'s Mem. [36] at 7–8.  The Fifth Circuit has at least suggested that non-discretionary student handbooks can create due-process rights to the procedures outlined in those handbooks.  *See Salcido v. Univ. of S. Miss.*, 557 F. App'x 289, 293 (5th Cir. 2014).  Here, the handbook states:

> Any suspension must be preceded by appearance of the student before the principal or his/her designee, at which time the student will be informed of the violation and the basis of the accusation. The principal will investigate the situation causing the violation, to the extent possible and reasonable, including but not limited to, interviewing other students and faculty members who may have witnessed the infraction. The student will be allowed to have other students or faculty called in who could support his/her side of the story and place such conduct in what he/she considers to be the proper context.

Student Handbook [4-2] at 7 (highlight in Plaintiff's exhibit).  Doe therefore argues that he should have been allowed to have students or faculty support his side of the story.[1]

To begin, Defendants never suggest that the handbook cannot create additional procedural rights, so the Court assumes without deciding that it does.  They instead argue that Doe received everything the Student Handbook provided.  Defs.' Reply [37] at 3.  As they note,

---

[1] Doe argues that the handbook may be considered under Rule 12(c) because it was referenced in the Complaint and is a matter of public record.  Pl.'s Mem. [36] at 7 n.24.  Defendants have not objected.

Doe and his parents were "informed . . . that a firearm was found in [his] vehicle." Compl. [1] ¶ 11. Does was then "questioned about the firearm, . . . told school officials that he was not aware of any firearm in his vehicle," and told the officials that he had given other students a ride that day. *Id.* ¶ 12. He thus received notice of the charge and was allowed to explain his side of the story. *See id.* The following day, Sibley met with Doe's parents and promised a full investigation. *Id.* ¶ 13.

Aside from conclusory legal assertions that are not given the presumption of truth, Doe pleaded no facts plausibly suggesting that Defendants denied him the opportunity to have others "called in" or that willing witnesses existed. Student Handbook [4-2] at 7. The Court therefore finds that Doe has not stated a procedural-due-process claim based on the denial of witnesses. That said, it is not clear whether he has pleaded his best case on this point, so dismissal of this part of his claim is without prejudice.[2]

***Post-suspension conduct against Smith and Sibley.*** Doe also claims that Smith and Sibley denied him the ability to appeal the suspension and that he was denied the opportunity to appeal before NCSD's school board. Compl. [1] ¶ 21. The Student Handbook provides the appeal procedures and states, "Appeals must be made prior to the end of the student's suspension." Student Handbook [4-2] at 8. Doe admits that his parents failed to request an appeal until after the suspension ended. Pl.'s Mem. [36] at 8 n.26. But he again claims that the time in alternative school should be counted toward the suspension, thus making the request timely. *Id.* He cites neither a handbook provision nor legal authority suggesting that alternative

---

[2] Doe argues that he was denied other procedural rights that exist under Mississippi Code section 37-9-71, which outlines procedures for suspensions exceeding ten days. But to get to these rights, he urges the Court to add his alternative-school placement to the ten-day suspension. Pl.'s Mem. [36] at 7–8 n.26. Because those times are not added, and nothing in section 37-9-71 suggests they can be, no additional rights exist.

school counts as a suspension, and he provides no other argument for a due-process violation related to the appeal.

On this record, the appeal-related claims against Smith and Sibley are dismissed with prejudice. Doe has not pleaded a plausible constitutional violation and has not met his burden to show Smith and Sibley violated clearly established law. *See Harris v. Jackson Cnty.*, 684 F. App'x 459, 462 n.6 (5th Cir. 2017) (holding that plaintiff failed to overcome qualified immunity noting that "[i]mportantly, Harris fail[ed] to cite a single case in his appellate brief illustrating that the law is clearly established").

***Other Individual Defendants.*** Doe alleges that after Smith and Sibley denied Doe's right to appeal, the other defendants violated his due-process rights through inaction. *See* Compl. [1] ¶ 23. Again, the right to appeal to these other Defendants was not violated, and Doe offers no cases to support his claim that they should have acted anyway, much less cases showing that the law was clearly established. *See Harris*, 684 F. App'x at 462 n.6. Also, Doe has not pleaded a plausible procedural due-process violation by Smith and Sibley, which negates the need for other Defendants to step in and provide procedural protections. No violation has been pleaded, and qualified immunity applies. *Id.* For these reasons, and the fact that the request for an appeal was admittedly late, these claims are dismissed with prejudice.

3.    Substantive Due Process

Doe says Defendants Smith and Sibley violated his substantive-due-process rights because the finding that he violated school policy was arbitrary and capricious. Compl. [1] ¶¶ 22, 24. He also claims that the other Defendants violated his rights by failing to act despite proof that Smith and Sibley violated district policy and section 37-9-71. *Id.* ¶ 24.

The core of the Due Process Clause protects against arbitrary governmental action. *County of Sacramento v. Lewis*, 523 U.S. 833, 845, 118 S.Ct. 1708, 140

10

L.Ed.2d 1043 (1998). To state a substantive due process claim in this context, Plaintiffs must establish that "they were deprived of a cognizable constitutional right," *M.D. ex rel. Stukenberg v. Abbott*, 907 F.3d 237, 248 (5th Cir. 2018), and that the government actor acted with deliberate indifference to the protected right, *Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 880 (5th Cir. 2004).

*Sterling v. City of Jackson*, 159 F.4th 361, 372 (5th Cir. 2025). As noted above, the alternative-school placement does not affect a property or liberty interest. *See McClelland*, 63 F.4th at 1015. But the temporary suspension does. *See Goss*, 419 U.S. at 576.

**Smith and Sibley.** Although Doe claims that Defendants acted arbitrarily and capriciously when finding that he possessed a gun, he offers no authority explaining the legal standards for such a claim. *See* Pl.'s Mem. [36] at 9. Neither do Defendants. They simply say Doe's substantive-due-process claims "are actually issues dealt with and rejected by the courts under the rubric of procedural due process." Defs.' Reply [37] at 5 (citing *Foster v. Tupelo Pub. Sch. Dist.*, 569 F.Supp. 2d 667, 673–74 (N.D. Miss. 2008)).

For starters, there are substantive-due-process rights that can be impeded in the school-discipline context. The Fifth Circuit explained those rights in *Brewer v. Austin Independent School District*, holding that "[r]eview and revision of a school suspension on substantive due process grounds would only be available in a rare case where there was no 'rational relationship between the punishment and the offense.'" 779 F.2d 260, 264 (5th Cir. 1985) (citing *Mitchell v. Bd. of Trs.,* 625 F.2d 660, 664 n.8 (5th Cir. 1980), *cited in Foster*, 569 F. Supp. 2d at 675 (rejecting substantive-due-process claim because punishment was "justified under the established facts")). But *Brewer* dealt with whether the punishment fit the offense—not whether the offense ever occurred—and Doe doesn't seem to make that claim.[3]

---

[3] If he does, then it would fail because there is an obvious state interest in keeping guns out of schools, and the punishment was rationally related to that interest. *See, e.g., Mitchell*, 625 F.2d

The parties have not briefed the substantive-due-process standards that apply when the student claims the school incorrectly found a rules violation, but one district court facing that question said this:

> Findings of school agencies "when reached by correct procedures and supported by substantial evidence, are entitled to great weight." *Wells v. Dall. Indep. Sch. Dist.*, 576 F. Supp. 497, 503 (N.D. Tex. 1983) (citing *Ferguson v. Thomas*, 430 F.2d 852, 859 (5th Cir. 1970)); *Ball v. Kerrville Indep. Sch. Dist.*, 504 S.W.2d 791, 798 (Tex. Civ. App.—San Antonio 1973) (holding that before a school's judgment on "factual matters can be set aside, it is necessary to hold that the negative findings made by the [school] are not supported by substantial evidence, and that the evidence so conclusively required affirmative findings that the refusal to make them was arbitrary or capricious."). "Although 'substantial evidence' is a term of art in the area of review of administrative decisions, the standard has been likened to [ ] 'any rational basis'" when evaluating acts of school administrators. *Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 290 (Tex. App.—Houston [1st Dist.] 1992) (internal quotations omitted). Thus, a court is "not concerned with correctness" of a school's factual findings, "but with its reasonableness." *Id.*

*A.V. v. Plano Indep. Sch. Dist.*, 585 F. Supp. 3d 881, 903 (E.D. Tex. 2022) (unaltered). *But see K.P. v. Jefferson Davis Cnty. Sch. Dist.*, No. 2:23-CV-6-KS-MTP, 2023 WL 12080730, at *5–6 (S.D. Miss. Oct. 13, 2023) (distinguishing *A.V.* and granting motion to dismiss when student alleged "there was no factual basis" to support punishment because she had "failed to adequately plead how the school's interpretation and enforcement of the school's policies were arbitrary, capricious, or unreasonable").

Without more from the parties, the Court is reluctant to take a deeper dive. That said, *A.V.* seems to offer Doe his best avenue, and even under that standard, Doe has not pleaded a plausible claim. Doe most notably highlights the allegations from his Complaint that he gave others a ride the day the gun was found in his vehicle, told school officials he didn't know the

---

at 664–65 (holding school policy requiring mandatory expulsion for student who brings weapon to school is rationally related to the "obligation to provide a safe environment for the children so they can learn").

gun was in his car, was never shown the gun, and that "Sibley told Doe's mother that she did not believe Doe knew the alleged firearm was in his vehicle" and promised a full investigation. Pl.'s Mem. [36] at 9. He contends that "[t]hose allegations *tend to undermine* the legitimacy of any purported government interest, and the Court can reasonably infer that the decision to suspend Doe for ten (10) days and send him to alternative school for an entire semester was arbitrary and capricious." *Id.* (emphasis added).

Doe may offer a fair assessment that these facts "tend to undermine" the decision that he possessed a gun, *id.*, but that is not the same as showing no rational basis for the decision. *See A.V.*, 585 F. Supp. 3d at 903. As noted in *A.V.*, courts are "'not concerned with correctness' of a school's factual findings." *Id.* (citation omitted). And according to the Complaint, the school district said it received a report that Doe "and another student were seen handling a firearm on school property" the day before a "firearm was found in John Doe's vehicle." Compl. [1] ¶¶ 8–9. In fact, Doe never specifically denies handling a gun on school property. For these reasons, Doe has not pleaded a plausible substantive-due-process claim.

The Court will, however, dismiss this claim without prejudice. As noted, the parties have not briefed the applicable legal standards. Also, it is not apparent whether Doe has pleaded his best factual case.

***Other Defendants.*** According to Doe, the other Defendants had proof that Smith and Sibley violated his substantive-due-process rights because they violated his rights under section 37-9-71 and "district policy." *Id.* ¶ 24. No attention is given to this claim in the briefing, and the Court finds that it should be dismissed.

First, Doe has not pleaded a plausible claim that Smith and Sibley violated section 37-9-71 or the Student Handbook. *See supra*, at 7–10. Second, Doe has not explained how these

other Defendants violated his substantive-due-process rights by allegedly failing to correct procedural-due-process violations. Third, Doe has not explained why these Defendants are responsible given that Doe never filed a timely appeal to these Defendants. Fourth, Doe has not pleaded facts showing that Defendants had the proof he claims. Finally, Doe has not cited any authority showing these Defendants violated clearly established law. *See Harris*, 684 F. App'x at 462 n.6. The Court therefore finds no plausible substantive-due-process claim against these defendants and that they are otherwise entitled to qualified immunity. The claim is dismissed with prejudice.

        4.    *Monell* Liability

"[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Becerra v. Asher*, 105 F.3d 1042, 1045 (5th Cir. 1997). Rather, "to hold a municipality liable under § 1983, the plaintiff must prove three elements: (1) a policymaker; (2) an official policy; and (3) a 'violation of constitutional rights whose "moving force" is the policy or custom.'" *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694)). "The policy maker is liable if an official policy itself is unconstitutional or the policy was adopted with deliberate indifference to its known or obvious consequences." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (citations and internal quotation marks omitted).

Doe's claim fails at the third element. The Fifth Circuit has "stated time and again that 'without an underlying constitutional violation, an essential element of municipal liability is missing.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866–67 (5th Cir. 2012) (en banc) (citation omitted). Doe has not pleaded facts to support any of his

constitutional claims, even when construing the facts in the light most favorable to him. Accordingly, Doe cannot establish municipal liability.[4]

### B.    Leave to Amend

In his response, Doe includes a request for leave to amend his Complaint "to cure any deficiencies or ambiguities." Pl.'s Mem. [36] at 10. That request is not properly before the Court under Uniform Local Rules 7(b)(2), 7(b)(3)(C), 7(b)(4), and 15.

That said, district courts should not dismiss cases "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). As outlined above, some claims are incurable, but others may not be. For those claims dismissed without prejudice, Doe may file a motion seeking leave to amend that complies with Federal Rule 15 and Uniform Local Rules 7(b)(2) and 15.

### IV.    Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings [32] is granted. Doe must file a motion seeking leave to amend within 14 days of this Order. The briefing will then proceed under the deadlines established in Uniform Local Rule 7(b)(4). Failure to seek leave to amend will result in dismissal with prejudice without further notice.

**SO ORDERED AND ADJUDGED** this the 26th day of January, 2026.

*s/ Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[4] Defendants never respond to Doe's argument that Sibley's decisions can bind the district. Accordingly, the *Monell* claims related to claims dismissed without prejudice are also dismissed without prejudice.