UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE, AS THE NATURAL
MOTHER AND NEXT FRIEND
OF JOHN DOE, A MINOR                                                        PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:24-CV-788-DPJ-ASH

NICK SMITH, ET AL.                                                        DEFENDANTS

ORDER

This school-discipline case is back before the Court on Plaintiff's Motion to Amend [42].

As explained below, the Court denies Plaintiff's motion and will enter final judgment.

I.      Facts and Procedural Background

In August 2024, school officials in the Newton County School District (NCSD) heard that

Plaintiff John Doe and another student were handling a firearm at school.  Doe's car was

searched the next day in the school parking lot, and a gun was found.  School officials suspended

Doe for ten days and then placed him in an alternative school.  Doe denied knowing about the

gun and sued NCSD, Superintendent Brook Sibley, Principal Nick Smith, and members of the

Newton County School Board under 42 U.S.C. § 1983 for various constitutional violations.

On January 26, 2026, this Court entered an Order [38] granting Defendants' Motion for

Judgment on the Pleadings [32].  In that Order, the Court gave Plaintiff 14 days to seek leave to

amend some of his originally raised claims.  Doe accepted that invitation and filed a Motion to

Amend Complaint [42].  But he failed to file a supporting memorandum as Local Rule 7(b)(2)

requires.  Defendants responded in opposition to the motion [43], and Doe did not submit a reply.

The Court therefore lacks any legal arguments from Doe explaining why his motion should be

granted.

II.     Standard of Review

   A.     Motion to Amend

Federal Rule of Civil Procedure 15(a) governs motions to amend and states that "[t]he court should freely give leave [to amend] when justice so requires."  That said, a district court may deny a motion to amend where amendment would be futile.  *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).  Amendment would be futile if "the amended complaint would fail to state a claim upon which relief could be granted."  *Id.* at 873.  So, the Court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)" to the motion to amend.  *Id.* (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

The decision "[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted).  A party seeking leave to amend "must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects."  *D.L. Markham DDS v. Variable Annuity Life Ins. Co.*, 88 F.4th 602, 613–14 (5th Cir. 2023) (quoting *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021), *as revised* (Nov. 26, 2021)).

   B.     Qualified Immunity

The individual Defendants have asserted qualified immunity.  As the Fifth Circuit succinctly summarized:

> [T]he doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal.  This immunity protects all but the plainly incompetent or those who knowingly violate the law.  Accordingly, we do not deny immunity unless existing precedent must have placed the statutory or constitutional question beyond debate.  The basic steps of this court's qualified-immunity inquiry are well-known:  a plaintiff seeking to defeat qualified immunity must show:  (1) that the

2

official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.

*Anderson v. Valdez*, No. 15-40836, 2016 WL 7667301, at *11 (5th Cir. Nov. 9, 2016) (cleaned up); *see also Blackwell v. Laque*, No. 07-30184, 2008 WL 1848119, at *2 (5th Cir. Apr. 24, 2008) ("If the defendant's conduct did not violate [the] plaintiff's constitutional rights under the first prong, . . . he is entitled to qualified immunity.").

III.    Analysis

In his proposed amended complaint, Doe attempts to replead procedural- and substantive-due-process claims against the individual Defendants.  He does not offer any additional facts supporting municipal liability.  In any event, the municipal claims cannot survive unless Doe has plausibly pleaded constitutional violations.  *See* Order [38] at 14.  The Court therefore focuses on the individual claims, first considering procedural due process and then substantive due process. Finally, because Doe has not legally supported his motion, the Court will not dig deep into the analysis and instead incorporates its Order [38] by reference.

A.    Procedural Due Process

Doe says Defendants violated his procedural-due-process rights because they neither allowed him to call witnesses to support his side nor explained the adverse evidence to him. Prop. Am. Compl. [42-1] ¶ 20.

***Failure to call witnesses.***  Doe claims that he should have been allowed to call witnesses before his suspension.  *Id.*  He believes this violated the Due Process Clause and the procedural rights set forth in the district's student handbook.  *Id.*  The Court dismissed these claims in the original Complaint because Doe pleaded only conclusory allegations.  Order [38] at 9.  And nothing in his proposed amended complaint "nudge[s his] claims across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

Starting with the Due Process Clause, Doe alleges that the Constitution "entitle[s]" him to bring forth witnesses to "support his side of the story and place such conduct in what he considered to be the proper context." Prop. Am. Compl. [42-1] ¶ 20. But that's a conclusion, not a fact. *Twombly*, 550 U.S. at 555. Nor is it legally supported. When student suspensions are ten days or less, like Doe's, due process requires only "some kind of notice and . . . some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579 (1975). The Supreme Court has expressly "stop[ed] short" of requiring schools to provide a student "the opportunity . . . to call his own witnesses to verify his version of the incident." *Id.* at 583. *Goss* forecloses Doe's argument. *See* Order [38] 5–8 (describing more fully the process due for temporary suspensions).

Doe also alleges that NCSD's student handbook creates a due-process right to call witnesses. Prop. Am. Compl. [42-1] ¶ 20. That handbook says, "The student *will* be allowed to have other students or faculty called in who could support his/her side of the story and place such conduct in what he/she considers to be the proper context." Student Handbook [4-2] at 7 (emphasis added). The Fifth Circuit may recognize procedural-due-process rights based on mandatory student handbooks like this. *See* Order [38] at 8 (citing *Salcido v. Univ. of S. Miss.*, 557 F. App'x 289, 293 (5th Cir. 2014)).[1]

But even if a procedural right exists, Doe must still go beyond conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Yet, that's all Doe

---

[1] *Salcido* held that discretionary handbook policies create no due-process rights. 557 F. App'x at 293. Though unpublished and therefore non-binding, the Court will assume that a non-discretionary handbook like NCSD's can create due-process rights as *Salcido* implies. *But see Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 706–07 (7th Cir. 2002) (holding "the failure to conform with the procedural requirements guaranteed by [school handbook] does not by itself constitute a violation of federal due process").

offers when he quotes the handbook and claims he was "entitled" to call witnesses. Prop. Am. Compl. [42-1] ¶ 20. As with the original Complaint, Doe pleads no facts plausibly suggesting that NCSD denied him that right. So, for the same reasons the Court dismissed this claim, it denies Doe's motion to amend it. *See* Order [38] at 8–9 (holding that "Doe pleaded no facts plausibly suggesting that Defendants denied him the opportunity to have others 'called in' or that willing witnesses existed").

**Failure to explain.** Doe alleges—for the first time—that he was "entitled . . . to an explanation of the evidence against him." Prop. Am. Compl. [42-1] ¶ 20. That's true. When a student denies the charges, suspensions of this duration require "an explanation of the evidence the authorities have." *Goss*, 419 U.S. at 581.

According to Doe, Superintendent Sibley and Principal Smith neither showed Doe or his parents the subject firearm nor explained the evidence supporting the suspension. Prop. Am. Compl. [42-1] ¶ 14. But that claim is inconsistent with the facts Doe pleaded. Working backwards, there was an explanation, even if Doe found it lacking. As reflected in Doe's proposed amended complaint:

- Sibley said, "[D]istrict officials received a report on August 14, 2024[,] that John Doe and an unidentified student were seen handling a firearm on school property." *Id.* ¶ 9.

- Sibley emailed Doe's parents informing them that after reports of a firearm in a vehicle on campus, the school searched the involved student's vehicle and found a gun. *Id.* ¶ 13.

- Principal Smith "informed the Does . . . that a firearm was found in the vehicle John Doe drove to school." *Id.* ¶ 14.

- After Doe denied any involvement, Principal Smith informed Doe and his parents in the disciplinary notice that he was suspended for "possession of a firearm on school property." *Id.* ¶ 17.

Requiring more than this exceeds *Goss*'s "clear and extremely limited" mandate for short-term suspensions. *C.B. v. Driscoll*, 82 F.3d 383, 386 (11th Cir. 1996). "[O]nce school

administrators tell a student what they heard or saw . . . and allow a brief response, a student has received all the process that the Fourteenth Amendment demands." *Id.* Thus, under *Goss*, "explanation of the evidence" does not mean presentation of the evidence. 419 U.S. at 581; *see also Jahn v. Farnsworth*, 617 F. App'x 453, 459–60 (6th Cir. 2015) (finding Due Process Clause did not require showing student video evidence before temporally suspending him). Doe has offered no authority suggesting that Defendants were required to further explain the evidence or show him and his parents the actual gun.

Furthermore, to the extent Doe may suggest that the NCSD student handbook creates additional procedural rights, Defendants satisfied those rights as well. The student handbook says, "Any suspension must be preceded by appearance of the student before the principal or his/her designee, at which time the student *will* be informed of the violation and the basis of the accusation." Student Handbook [4-2] at 7 (emphasis added). Here again, Principal Smith did that. *See, e.g.*, Prop. Am. Compl. [42-1] ¶ 17. Doe has not offered any legal argument or authority suggesting otherwise.

In sum, Doe has not sufficiently pleaded a procedural-due-process violation. Nor has he offered any legal argument suggesting that the process he received violated clearly established law. "To show the law is clearly established, a party must 'identify a case where an officer acting under similar circumstances . . . was *held to have violated*'" the constitutional right at issue. *Nerio v. Evans*, 974 F.3d 571, 575 (5th Cir. 2020) (quoting *Dist. of Columbia v. Wesby*, 583 U.S. 48, 64 (2018)). Because Doe failed to meet this standard and has otherwise failed to state a claim that overcomes qualified immunity, his proposed amended complaint would be futile. *See Brown v. Tarrant Cnty.*, 985 F.3d 489, 498 (5th Cir. 2021). The proposed amendment to this

claim is therefore futile.  Doe's motion to amend is denied as to the procedural-due-process claims, which are now dismissed with prejudice.[2]

B.      Substantive Due Process

Doe asserts two substantive-due-process claims.  The first alleges that Superintendent Sibley and Principal Smith arbitrarily and capriciously suspended him.  Prop. Am. Compl. [42-1] ¶ 21.  The second argues that the individual school-board members failed to protect Doe's substantive-due-process right.  *Id.* ¶ 22.  Both are futile.

***Sibley and Smith.***  Doe alleges that Sibley and Smith violated his substantive-due-process rights because the suspension was arbitrary and capricious.  He said the same thing in the now dismissed Complaint [1], and Defendants argue that his proposed amended complaint adds nothing new.  Doe left those arguments unchallenged, so the Court will not dwell on this issue.

Briefly, to make out a substantive-due-process claim, Doe must show Defendants' decision was not "supported by *any* reasonable basis."  *Anthony v. Sch. Bd. of Iberia Par.*, 692 F. Supp. 2d 612, 630 (W.D. La. 2010).  This means that even though Doe may believe Defendants reached the wrong answer, that ultimately doesn't matter because "a court 'is not concerned with [the] correctness' of a school's factual findings."  *A.V. v. Plano Indep. Sch. Dist.*, 585 F. Supp. 3d 881, 903 (E.D. Tex. 2022) (quoting *Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 290 (Tex. App.–Houston 1st Dist. 1992)).

---

[2] The proposed amended complaint includes new averments under Mississippi law that neither party addresses.  For example, Doe claims Sibley was required "[t]o notify the youth court and local law enforcement agencies, by affidavit, of the occurrence of any crime committed by a student . . . upon school property."  Prop. Am. Compl. [42-1] ¶ 10 (quoting Miss. Code Ann. § 37-9-14(2)(x)).  He also alleges that it was a crime for someone under 18 to carry a gun on educational property.  *Id.* ¶ 15 (citing Miss. Code Ann. § 97-37-17(3)).  It's unclear how these conclusions support his claims, but absent any legal argument, Doe has not shown that the alleged failure to turn him in violated his constitutional rights, much less clearly established constitutional rights.

This Court applied that test to Doe's factual assertions in his original Complaint, and he has not suggested any legal error. *See* Order [38] at 11–13. In that Complaint, Doe said Sibley and Smith acted arbitrarily and capriciously because "there was no evidence that John Doe was aware that a firearm was in his vehicle and/or that he was involved in a student placing a firearm in his vehicle." Compl. [1] ¶ 22. But the Court found no plausible claim because "the school district said it received a report that Doe 'and another student were seen handling a firearm on school property' the day before a 'firearm was found in John Doe's vehicle.'" Order [38] at 13 (quoting Compl. [1] ¶¶ 8–9). Indeed, Doe never denied handling a gun on school property. *Id.*

These pleaded facts failed to plausibly show Defendants lacked a rational basis. *Id.*; *see id.* at 12 (citing *K.P. v. Jefferson Davis Cnty. Sch. Dist.*, No. 2:23-CV-6-KS-MTP, 2023 WL 12080730, at *5–6 (S.D. Miss. Oct. 13, 2023) (granting motion to dismiss when student alleged "there was no factual basis" to support punishment because she had "failed to adequately plead how the school's interpretation and enforcement of the school's policies were arbitrary, capricious, or unreasonable")). The Court therefore dismissed the claim. *Id.* at 13.

In his effort to amend this claim, Doe describes it differently in his proposed amended complaint:

> In the absence of an admission by John Doe that he possessed a firearm on school property or that John Doe knew that a student had a firearm in his vehicle, John Doe's suspension for possessing a weapon was not rationally related to any legitimate state interest and therefore was arbitrary, capricious and unreasonable.

Prop. Am. Compl. [42-1] ¶ 21. But that's merely a legal conclusion that cannot create a plausible claim. *See Iqbal*, 556 U.S. at 678. And in any event, Doe has not cited any authority suggesting that punishment is arbitrary and capricious unless the student admits fault. Nor has he offered legal authority suggesting that such a rule is clearly established law. *See Nerio*, 974 F.3d at 575.

8

Beyond that, Defendants argue that Doe's proposed amended complaint adds no relevant facts that make this claim plausible. Here again, Doe did not contest the point in a reply, and the proposed amended complaint includes the same factual allegations upon which the Court based its earlier ruling. *See* Prop. Am. Compl. [42-1] ¶¶ 9, 11–12. Finally, Doe still has not specifically denied handling a gun on school property. *See* Order [38] at 13; Defs.' Resp. [43] at 7–8 (noting lack of specific denial).

In sum, Doe has failed to plausibly show that Defendants' decision was not "supported by *any* reasonable basis." *Anthony*, 692 F. Supp. 2d at 630; *see also Hammock ex rel. Hammock v. Keys*, 93 F. Supp. 2d 1222, 1230–31 (S.D. Ala. 2000) (despite arguments that "no evidence" existed to justify expulsion, school's decision was still "rationally related" to "legitimate purpose"). Qualified immunity applies, and the proposed amendment is futile. *See Brown*, 985 F.3d at 498. Therefore, the Court denies the motion to amend the substantive-due-process claims against Sibley and Smith.

***Other Individual Defendants.*** The Court dismissed the substantive-due-process claims against the board-member Defendants with prejudice. Order [38] at 13–14. Doe nevertheless attempts to replead the claim offering a different legal theory. This time, he alleges that Defendants violated his substantive-due-process rights by doing "nothing to ensure that school officials provide John Doe an explanation of the evidence against him prior to imposing a 10-day suspension." Prop. Am. Compl. [42-1] ¶ 22.

Because the Court dismissed the other individual Defendants with prejudice, it denies Plaintiff's motion to amend the claims against them. *See Albert v. Zehetner*, No. 4:17-CV-458, 2018 WL 316471, at *4 (E.D. Tex. Jan. 8, 2018) (finding claim already dismissed with prejudice "counsel[ed] against granting leave to amend" as to that claim). But even if considered, the

motion still falls short.  Doe has not (1) plausibly shown that he was entitled to a greater explanation than he received, (2) offered facts plausibly showing that these other Defendants knew the explanation he received "prior to" the suspension and individually acted in an arbitrary and capricious way, or (3) cited authority showing these individuals violated clearly established law.  *See Nerio*, 974 F.3d at 575.

Because each Defendant is entitled to qualified immunity, the proposed amended complaint would be futile.  Leave to amend is denied.  And because Doe has not pleaded a constitutional violation, the municipal claim against the NCSD is now dismissed with prejudice.  *See Piotrowski v. City of Hou.*, 237 F.3d 567, 578 (5th Cir. 2001).[3]

IV.   Conclusion

For the reasons stated, the Court denies Plaintiff's Motion to Amend [42].  Plaintiff's claims are dismissed with prejudice; a separate judgment will be entered as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 24th day of June, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3] That claim would fall short for other reasons too.  *See generally Piotrowski*, 237 F.3d at 578 (outlining prima facie case against municipalities under § 1983).